# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-07-351 |
| | § | |
| ERIC AMOAKO | § | |

## MEMORANDUM AND ORDER

This criminal case is before the Court on Defendant Eric Amoako's Renewed Motion for Bond Pending Appeal ("Motion") [Doc. # 292], to which the United States filed a Response [Doc. # 294]. Having carefully considered the record in this case and having applied the governing legal authorities, the Court **denies** the Motion.

There is no constitutional right for a defendant to be released on bond after being convicted and sentenced for an offense. *See United States v. Williams,* 822 F.2d 512, 517 (5th Cir. 1987) (citing *United States v. Bright*, 541 F.2d 471, 477 (5th Cir. 1976), *cert. denied*, 430 U.S. 935 (1977)). Under federal law, there is a presumption against granting a defendant bail after conviction and sentencing. *See id.*; 18 U.S.C. § 3143(b). To obtain bail pending appeal, the convicted defendant must prove by clear and convincing evidence each of the following four factors: "(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for purpose of delay; (3) that the

appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *United States v. Valera-Elizondo,* 761 F.2d 1020, 1025 (5th Cir. 1985); *see also Williams*, 822 F.2d at 517.  A question of law or fact is "substantial" if it raises a substantial doubt and could "very well be decided the other way" by the Court of Appeals.  *See United States v. Clark*, 917 F.2d 177, 180 (5th Cir. 1990).

Regarding the first two factors, the Court finds that there is little likelihood that Amoako will flee or pose a danger to the community if released during appeal, and finds that Amoako is not pursuing an appeal solely for the purpose of delay.

Regarding the last two factors, however, the Court finds that Amoako has not shown by clear and convincing evidence that there are substantial issues on appeal that are likely to result in his conviction being overturned or reversed.  Amoako raises two issues regarding the exclusion of two mental health witnesses that were offered for the purpose of attempting to impeach the Government's witnesses, Sandra Johnson and Theresa Williams.  Amoako also challenges the sufficiency of the indictment as to Count Two, conspiracy to launder funds, and challenges the use of the money-laundering enhancement for sentencing purposes.  The Court finds that these are not

substantial issues and are not likely to result in a reversal of Amoako's conviction or sentence.

Based on the foregoing, the Court finds that Defendant Amoako has not identified substantial issues on appeal that are likely to result in reversal of his conviction or a reduction in his sentence. Accordingly, it is hereby

**ORDERED** that Amoako's Renewed Motion for Bond Pending Appeal [Doc. # 292] is **DENIED**.

SIGNED at Houston, Texas, this **11**[th] day of **March, 2009**.

_____
Nancy F. Atlas
United States District Judge